UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA

In Re:                              )
                                    )
Charles M. Morrison,                ) Case No. 18-82617-CRJ 7
                                    )
    Debtor                          )
                                    )

AMENDED BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM STAY

This brief is to supplement the briefs in support of the motion for relief from the stay (Doc. 8) filed by the state court plaintiffs on September 10, 2018 and September 7, 2018. As a result of this court's order of September 11, 2018, the Circuit Court of Jefferson County issued its order dated September 11, 2018, a copy of which is attached hereto. It is document number 244, which indicates the number of documents which have been filed in the state case.

A. Relief of the Stay Against the Debtor, Morrison.

In the prior brief, the state court plaintiffs cited the ten factors used in *Inre: Cummings,* 221 B.R. 814 (Bkrtcy. N.D. Ala. 2006, where Judge Cohen denied a motion to stay. In a later case, Judge Cohen used those same factors to grant relief from the stay. See, *In re Preferred Underwriting Alliance, Inc.* 351 B.R. 174 (Bkrtcy N.D. Ala. 2006). See also, the order of Judge Robinson, the Chief U.S.

Bankruptcy Judge for the Northern District of Alabama, in *In re Mountain Farms, LLC,* __ B.R. ___, 16-41682-JJR12 (ALNBC 2017); *In re Calhoun,* __ B.R. __, 12-80060-WRS, (AlMBC 2014); and *In re Feingold,* 730 F.3rd 1268 (11th Cir. 2013)

In *Feingold*, the court held that the nondischargeablity alone was not a reason to grant relief from the stay. However, on page 1278 the court said:

> This is not to say that nondischargeability cannot be a factor, or even a weighty factor, in a bankruptcy court's evaluation of "cause,"

All of the state court plaintiffs' claims against Morrison are nondischargeable pursuant to 11 USC §§523(a)(2) and 523(a)(19).

B. Stay of the Claims for Fraudulent Conveyance Against Bradley Morrison and Charles Morrison, Jr.

After a diligent search the counsel for the state court plaintiffs have not found any case where the statute of limitations had expired prior to the filing of the petition with a creditor having a pending claim at the time of the petition where the Trustee had time remaining under §546(a) to assert a claim. The closest case we could find had the statute of limitations had expired, a creditor having a claim pending but the § 546(a) time having also expired; See *Klingman v. Levinson,* 158 B.R. 109 (N.D.Ill. 1993) discussed in detail below.

In supplemental brief filed by the state court plaintiffs, reference is made to *In re Alpha Protective Servs, Inc.,* 531 B.R. 889 (Bkrtcy.M.D.Ga. 2015) In that

case the Bankruptcy Court granted the defendants motion for a judgment on the pleadings as to the trustee's claims of fraudulent transfers under 11 U.S.C. § 544 and Georgia's Uniform Transaction Act §§ 18-2-74(a)(2) and 18-2-75(a). The court held that the statute of limitations had expired prior to the filing of the petition and hence the Trustee was time barred from making the §544(b) claim.

In the case *In re Shields*, 148 BR. 783, 787 (Bkrtcy. E.D. Pa. 1993), the Court held that a debtor could not set aside a sheriff's sale as a fraudulent transfer because the statute of limitations had already run as of the date of the filing of the debtor's bankruptcy case and was a complete defense.

The case of *Parker v. Wendy's Intrern., Inc,* 365 F.3d 1268 (11th Cir. 2004) held that judicial estoppel did not apply to bar a case by the Trustee (Reynolds) in asserting a claim that debtor had against Wendy's even though the debtor did not disclose the claim on the schedules. In a footnote, the court addressed the application of the statute of limitations of a trustee. Note 2 states:

> [2] we are not holding that it is impossible for a valid defense against a pre-petition claim brought by the trustee to arise post-petition. For instance, if Parker had filed this claim after the statute of limitations had passed, the statute of limitations defense would bar Reynolds (the Trustee) from pursuing this claim just as it would bar Parker from pursuing it.

Consequently, a trustee is barred by the statute of limitations from commencing a case for fraudulent transfer under authority granted by §544(b) where the statute of limitations for the state law claim has run as of the date of the filing of the petition.

In the case of *In re Saunders*, 101 B.R. 303 (Bkrtcy.N.D.Fla. 1989) the

court addressed the stay in a case where the fraudulent conveyance action would be timely filed by the trustee, as the statute of limitations had apparently not expired (the issue was not mentioned and given the dates of the claims and transactions did not appear to apply). See id at 303-04. The Court stated:

> Until a judicial determination has been made that the property was, in fact, fraudulently transferred, it is not property of the estate. If it were, the trustee could simply use a turnover action under 11 U.S.C. § 542, and the two (2) year statute of limitations of § 546(a) for actions under §§ 544 and 548 could be avoided. Moreover, allowing the debtor to retain an interest, legal or equitable, in fraudulently transferred property conceivably places a cloud on the title of any property transferred by the debtor until there is a judicial determination that the transfer is not avoidable. This result was clearly not contemplated by Congress.
>
> The fraudulent transfer cause of action itself is not considered property of the estate since the avoidance of such a transfer is not a cause of action assertable by the debtor. It can only be asserted by a creditor (absent a case under Title 11, U.S.C.) or by a trustee in bankruptcy. The trustee's right to pursue the action flows not from the turnover provisions of § 542 but from his avoidance powers under §§ 544 and 548. Id at 305.

The court let the stay remain in place because the court determined that the stay was under § 362(a)(1) and there was no good reason not to let the stay remain in place stating:

> It is our view, and we hold, that a pre-petition state court fraudulent transfer action is subject to the provisions of § 362(a)(1) which prohibits:
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before

>
> the commencement of the case under this title, or to
> recover a claim against the debtor that arose before
> the commencement of the case under this title;
>
> 11 U.S.C. § 362(a)(1). ... Thus, § 362(a)(1) operates to stay a creditor with a claim against the debtor from commencing or continuing a fraudulent transfer action or from utilizing the process of another court, as is the situation in this case, to recover that claim from property that should have been available for levy and execution but for the transfer to a third party in fraud of creditors. *Id* at 305-06.

The court in *Saunders* denied relief from the stay so the trustee could file an adversary proceeding to recover the assets. The trustee, not being barred by the statute of limitations, would be able to recover the assets pursuant to §544(b) in *Saunders*. That fact distinguishes the result in *Saunders* from this case. The Trustee is barred by the statute of limitations in this case. If the stay remains in place the Trustee cannot recover the property.

In *Klingman v. Levinson,* 158 B.R. 109 (N.D.Ill. 1993), the issue was before the court was Melvin E. Levinson's and intervenor Muriel B. Levinson's motions for summary judgment against plaintiff Francine Klingman and the United States. *Id.* at 111. The facts were undisputed. Between approximately 1966 and 1969, defendant Melvin E. Levinson, an attorney, embezzled money from his clients. Levinson was caught, disbarred, convicted, and served time. *Id.* at 111. Plaintiff, Klingman, one of Levinson's former clients had settled an embezzlement case where Levinson agreed to pay Klingman approximately $62,000. *Id.* at 111. Klingman filed this supplemental action in 1976 in the

Circuit Court of Cook County to collect from assets in which Muriel Levinson intervened, claiming that Levinson conveyed his interest in the land trust to her in an assignment dated September 6, 1972. *Id.* at 111. The IRS assessed income tax deficiencies and the United States intervened in Klingman's action in May 1980 and the case was removed to this court. *Id.* at 111. On April 22, 1982--one week before this action was to be tried--Levinson filed a bankruptcy petition. *Id.* at 112. As a result of the bankruptcy, this case was stayed, then removed to the Bankruptcy Court, and then remanded back to the district court. *Id.* at 112. The parties agree that the bankruptcy trustee never sought to recover the land trust interest conveyed by Melvin to Muriel which is at issue here. *Id.* at 112.

In addressing the issue that both Klingman and the United States lack standing to pursue this fraudulent conveyance action because once Melvin filed his bankruptcy petition, the allegedly fraudulently conveyed property became part of the debtor's estate, and only the trustee has standing to assert this cause of action, the court noted conflicting cases on the issue and resolved the issue, concluding that the fraudulently conveyed property is not property of the estate.

> The leading case in support of the Levinsons' argument is *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275 (5th Cir. 1983). In MortgageAmerica, a creditor initiated a state court suit in Texas prior to the bankruptcy petition, asserting causes of action based on allegedly fraudulent property transfers. The Fifth Circuit held that the debtor continued to have a "legal or equitable interest" in property fraudulently conveyed under § 541(a)(1) of the Bankruptcy

Code. As a result, the Court concluded that the property, even in the hands of a third party, is property of the estate.

Other courts have rejected that view, holding that a fraudulently conveyed asset does not become property of the estate until it is recovered by the trustee. See, e.g., *In re Colonial Realty Co.*, 980 F.2d 125, 130-31 (2d Cir.1992); *In re Saunders*, 101 B.R. 303, 304 -05 (Bankr.N.D.Fla.1989). The court finds the analysis employed in Colonial and Saunders more persuasive. Under § 541(a)(3), "property of the estate" is defined as "any interest in property that the trustee recovers" under enumerated Bankruptcy Code provisions, including § 550. Section 550 allows the trustee to recover fraudulently transferred property for the benefit of the estate to the extent that a transfer is avoided as fraudulent under either §§ 544 or 548. Under the MortgageAmerica analysis, fraudulently conveyed property becomes property of the estate under § 541(a)(1) because it is property in which the debtor has a "legal or equitable interest." However, as the court observed in Saunders:

> If property that has been fraudulently transferred is included in the § 541(a)(1) definition of property of the estate, then § 541(a)(3) is rendered meaningless with respect to property recovered pursuant to fraudulent transfer actions. We think that the inclusion of property recovered by the trustee pursuant to his avoidance powers in a separate definitional subparagraph clearly reflects the congressional intent that such property is not to be considered property of the estate until it is recovered.

*Saunders*, 101 B.R. at 305, quoted in Colonial, 980 F.2d at 131; cf. *In re McDonald Bros. Constr., Inc.*, 114 B.R. 989, 997 (Bankr.N.D.Ill.1990) ( "It is the recovery of funds involved in an "avoided" transfer, not the potential for recovery, that causes funds to be considered part of the estate").

The Court adopts the analysis of Colonial and Saunders and holds that fraudulently transferred property does not become property of the bankruptcy estate until there has been a judicial determination that the property was fraudulently transferred. *Id.* at 112-13.

The court pointed out that the trustee may be the party that holds the right to pursue the fraudulent conveyance claim after bankruptcy if the statute of

limitations has not run and the trustee acts within the time provided by 11 U.S.C. § 546(a). The court states:

> This holding should not be construed as suggesting that creditors may vie with the bankruptcy trustee for the right to pursue fraudulent conveyance actions. To the contrary, the commencement of bankruptcy gives the trustee the right to pursue fraudulently conveyed assets to the exclusion of all creditors. 11 U.S.C. § 546(a). However, the trustee does not retain this exclusive right in perpetuity. The trustee's exclusive right to maintain a fraudulent conveyance cause of action expires and creditors may step in (or resume actions) when the trustee no longer has a viable cause of action. *Kathy B. Enterprises, Inc. v. United States,* 779 F.2d 1413, 1415 (9th Cir.1986) (IRS entitled to pursue collection action after bankruptcy closed); *Federal Deposit Insurance Corp.,* 733 F.2d 1083, 1085 (4th Cir.1984) ("once a bankruptcy case has been closed, creditors having unavoided liens on fraudulently conveyed property can pursue their state law remedies independently of the trustee in bankruptcy"); *Dixon v. Bennett,* 72 Md.App. 620, 531 A.2d 1318, 1323-25 (1987) ("once a trustee's statutory time period has expired, an unsecured creditor can bring an action against a fraudulent transferee under state law provided the state statute of limitations has not yet expired"), cert. denied, 311 Md. 557, 536 A.2d 664 (1988).
> Here, there is no dispute that the trustee never sought to recover the conveyance challenged by Klingman and the United States. The statute of limitations has long since run on the trustee's right to bring that action. The court finds that Klingman and the United States have standing to pursue their claims in this action. *Id.* at 112-13.

*Klingman* does indicate that "creditors may step in (or resume actions) when the trustee no longer has a viable cause of action." *Id.* at 112. The court specifically mentioned that the statute of limitations had run, giving Klingman and the United

States standing to pursue their claims. Here the Trustee does not have a viable cause of action because the statute of limitation has run as to the trustee. He will certainly lose if he asserts a claim. The fact that the time to file a claim by the trustee has not expired under §546(a) does not mitigate the fact that the claim is barred by the statute of limitations. In other words, the time limit applies both ways. If the statute of limitation has expired prior to the petition date, the trustee cannot maintain a cause of action under the substantive law. If the trustee waits past the date set by §546(a), the trustee cannot maintain a cause of action under bankruptcy law. Although *Klingman* had both events either would be sufficient deprive the trustee of a cause of action. It is appropriate to grant relief from the stay in this case because the statute of limitations of any state court claim the trustee could make under 544(b)(1) has expired.

C. The Remedy for the Debtor's Conduct is to Dismiss the Case for Bad Faith.

In the case of *In re Piazza*, 719 F.3d 1253 (11th Cir 2013) the court said that dismissal under §707 for bad faith was appropriate where there is "evidence of the debtor's deliberate acts or omissions that constitute a misuse of the provisions, purpose, or spirit of the Bankruptcy Code." *Id.* at 1272. Here the motivating factor in the debtor's petition was to stop the trial of the state court case which would result in a judgment against the debtor and his two sons. The schedules

show no other reason. The waiting past the 10 year statute of limitations hurt the other creditors by depriving the trustee of the fraudulent conveyance claims. If, after notice and a hearing the court finds this and other grounds to dismiss the case, the creditors will be back where they were absent the bankruptcy and no discharge will prevent creditors from doing what they can to collect.

/s/ Kenneth Cleveland
Kenneth Cleveland. Attorney for
SuVicMon Developement, Inc.,
Gardendale, Housing, Inc., and
Patriarch Enterprises, Inc.

**Cleveland & Cleveland, P. C.**
2330 Highland Avenue South
Birmingham, Alabama 35205
(205) 322-1811
E-mail: clevelandatty@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the forgoing which was filed electronically with the clerk of the court using the CM/ECF system by E-mail upon the following:

Angela Stewart Ary, Debtor's Attorney
aary@heardlaw.com

Tazewell T. Shepard, Trustee
trustee@ssmattorneys.com
taze@ssmattorneys.com
kevin@ssmattorneys.com

Dated this the 8th day of October, 2018.

_____
Kenneth Lee Cleveland.


ELECTRONICALLY FILED
9/11/2018 5:06 PM
01-CV-2006-007082.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
CIVIL DIVISION / BIRMINGHAM

| | |
|---|---|
| SuVicMon DEVELOPMENT, INC.;<br>GARDENDALE HOUSING, INC.; and,<br>PATRIARCH ENTERPRISES, INC.,<br><br>    Plaintiffs,<br>v.<br><br>CHARLES M. MORRISON;<br>TIM WASYLUKA;<br>ALAN B. BURDETTE;<br>REGIONAL NUCLEAR PHARMACEUTICALS, INC.<br>ENERGY RESOURCES INTERNATIONAL, INC.<br><br>    Defendants, | CV 06-7082-MGG |
| CHARLES M. MORRISON;<br><br>    Third Party Plaintiff,<br>v.<br><br>JAMES O. MARONA, JR.;<br>VICKIE MARONA; and,<br>TERRY SCOTT [Deceased],<br><br>    Third Party Defendants, | |
| CHARLES M. MORRISON;<br><br>    Counter-Claim Plaintiff,<br>v.<br><br>SuVicMon DEVELOPMENT, INC.;<br>GARDENDALE HOUSING, INC.; and,<br>PATRIARCH ENTERPRISES, INC.<br><br>    Counter-Claim Defendants, | |

## ORDER

The Court is advised on August 31, 2018, DEFENDANT **CHARLES M. MORRISON**'s filed a SUGGESTION OF BANKRUPTCY [Doc. 235]. Defendant's SUGGESTION OF BANKRUPTCY states he properly filed a Chapter 7 Bankruptcy Petition

*ORDER CONTINUING TRIAL*
*CV 06-7082-MGG*

in the U. S. Bankruptcy Court, ND.AL., to-wit: BK18-82617-CRJ7. Said PETITION remains pending at this time. Therefore, by operation of law pursuant to 11 U.S.C. § 362, PLAINTIFFS may not further prosecute this action.

The Court also has for consideration Plaintiffs' CASE STATUS REPORTS [Docs. 237, 239] and <u>MOTION TO CONTINUE TRIAL AND STAY THE CASE</u> [Doc. 242], seeking an order continuing the trial of this matter from its current trial setting of September 17, 2018 until the resolution of the pending Bankruptcy Petition.

Accordingly, it is hereby **ORDERED** as follows:

1. This case is **REMOVED** from the Court's JURY TRIAL DOCKET of September 17, 2018, and trial is **CONTINUED,** *generally*; and,
2. this case is **STAYED** and **TRANSFERRED** to the Court's ADMINISTRATIVE DOCKET for a period <u>*not to extend beyond December 21, 2018*</u>, pending further orders from the U. S. Bankruptcy Court, ND.AL., in BK18-82617-CRJ7.
3. <u>*On or before December 17, 2018*</u>, PLAINTIFFS' Counsel is **DIRECTED** to confer with DEFENDANTS' counsel and then **FILE** a STATUS REPORT; the Court will consider the STATUS REPORT and then enter such order[s] as necessary; and,
4. If no STATUS REPORT is filed, the Court will enter an order directing the parties to SHOW CAUSE why this action should remain on the Court's ADMINISTRATIVE DOCKET.

**DONE** and **ORDERED** this date, *September 11, 2018.*

*S/Michael G. Graffeo*
MICHAEL G. GRAFFEO
Circuit Judge